# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED
2009 NOV 10 P 1:34
U.S. DISTRICT COURT

# APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

Sarah Lee Bellows 04382-036, Petitioner,
**Full Name and Prisoner Number**

FCI-Danbury 33½ Pembroke Station
**Complete Prison Address (Place of Confinement)**

Danbury, CT 06811

Case No. 3:09 cv 1838 (MRK)
(To be supplied by the Court)

v.

Donna Zickefoose, Respondent,
(Name of Warden, Superintendent or authorized person having custody of petitioner)
(Do not use *et al.*)

and

_____, Additional Respondent,
(List additional person having custody of petitioner, if any)

3

## CONVICTION UNDER ATTACK

1) Name and location of the court which entered the judgment of conviction under attack _____

   _____

2) Date judgment of conviction was entered _____

3) Case number _____

4) Type and length of sentence imposed _____

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion?   Yes _____   No _____

6) Nature of the offense involved (all counts) _____

   _____

7) What was your plea? (check one)

   Not Guilty _____   Guilty _____   Nolo Contendere _____

8) If you entered a guilty plea to one count or indictment, and a not guilty plea to another court or indictment, give details:

   _____

   _____

9) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement _____

   _____

10) Kind of trial (check one)   Jury _____   Judge only _____

11) Did you testify at trial?   Yes _____   No _____

## DIRECT APPEAL

12) Did you appeal from the judgment of conviction?   Yes _____   No _____

13) If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of the court's opinion or order) _____

    _____

4

_____
_____
14) If you did not appeal, explain briefly why you did not: _____
_____
_____

    a. Did you seek permission to file a late appeal?  Yes _____ No _____

## POST-CONVICTION PROCEEDINGS

15) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court? Yes _____ No _____

16) If your answer to 15 was "Yes", give the following information:
   a) FIRST petition, application or motion.
      1. Name of court _____
      2. Nature of proceeding _____
_____
      3. Claims raised _____
_____

      4. Did you receive an evidentiary hearing on your petition, application or motion?
         Yes _____ No _____
      5. Result _____
      6. Date of result _____
      7. Did you appeal the result to the federal appellate court having jurisdiction? Yes____ No _____ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)
_____
_____
      8. If you did not appeal, briefly explain why you did not _____
_____

b) As to any SECOND petition, application or motion, give the following information:
   1. Name of court _____
   2. Nature of proceeding _____
      _____
   3. Claims raised _____
      _____
   4. Did you receive an evidentiary hearing on your petition, application or motion?
      Yes _____ No _____
   5. Result _____
   6. Date of result _____
   7. Did you appeal the result to the federal appellate court having jurisdiction? Yes____
      No _____ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)
      _____
      _____
   8. If you did not appeal, briefly explain why you did not _____
      _____

c) As to any THIRD petition, application or motion, give the following information:
   1. Name of court _____
   2. Nature of proceeding _____
      _____
   3. Claims raised _____
      _____
   4. Did you receive an evidentiary hearing on your petition, application or motion?
      Yes _____ No _____
   5. Result _____
   6. Date of result _____
   7. Did you appeal the result to the federal appellate court having jurisdiction? Yes____
      No _____ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a

copy of the court's opinion or order)

_____

_____

8. If you did not appeal, briefly explain why you did not _____

_____

## CLAIMS

17) State concisely every claim that you are being held unlawfully. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in this petition all claims for relief which relate to the conviction under attack.

In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**Claim One:** My religious beliefs were violated by my request for a female staff to patsearch me being denied.

_____

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts supporting this claim) I requested a female for a patsearch while coming out of food service on 4/2/09 because of my religious beliefs. I was denied this request + told I would go to special housing. There were several female staff in the surrounding area. I was denied my administrative remedy stating they were not "readily available", but my question of what constitutes readily available was never answered.

(2) Did you seek administrative relief as to claim one? Yes __X__ No _____. If your answer is "Yes", describe the procedure followed and the result. If your answer is "No", explain why you did not seek administrative relief: I wrote the situation up starting with an 8½, 9, 10, + then 11, all denying my appeal.

_____

**Claim Two:** _____

_____

_____

7

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts supporting this claim)

(2) Did you seek administrative relief as to claim one? Yes _____ No _____. If your answer is "Yes", describe the procedure followed and the result. If your answer is "No", explain why you did not seek administrative relief:

_____
_____
_____

**Claim Three:** _____

_____
_____

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts supporting this claim)

(2) Did you seek administrative relief as to claim one? Yes _____ No _____. If your answer is "Yes", describe the procedure followed and the result. If your answer is "No", explain why you did not seek administrative relief:

_____
_____
_____

8

18) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes ____ No _X_. If "Yes", state the name of the court, case file number (if know), and the nature of the proceeding:

_____
_____
_____

19) State briefly why you believe that the remedy provided by 28 U.S.C. § 2255 (Motion to Vacate Sentence) is inadequate or ineffective to test the legality of your detention:

_____ N/A _____
_____
_____

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

_____        _Sarah Bellows_____
Signature of Attorney (if any)              **Petitioner's Original Signature**

                                            _04382-036_____
                                            **Petitioner's Inmate Number**

_____
**Attorney's Full Address and Telephone Number**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _FCI-Danbury CT_ on _OCT 17th, 2009_
                (Location)                  (Date)

                                            _Sarah Bellows_____
                                            **Petitioner's Original Signature**

9



## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE**: You are advised that prior to receiving and filing a Request for Administrative Remedy Form, you **MUST** attempt to informally resolve the complaint through your Correctional Counselor. Briefly state complaint below and list what efforts you have made to resolve your complaint informally. Also, please state names of staff contacted.

Date Informal Resolution Form Issued by Correctional Counselor: _MWC_

INMATE'S NAME: _Sarah Bellows_ NUMBER: _04382-036_ QUARTERS: _B-H_

1. Complaint: _On 4/2/09 @ 11:20AM I was leaving mainline I FS I was asked to be patsearched. I requested a female staff - there were 8 in the vicinity. Lt. Gussik told me being searched by a female was not an option although it is an informal policy through this institution._

2. Efforts made to informally resolve: _I spoke w/ Lt. Munos & Lt. Gussik at the time of incident._

Names of Staff contacted: _Lt. Munos, Lt. Gussik_

Inmate's Signature: _Sarah Bellows_  Inmate's Number _04382-036_

**CORRECTIONAL COUNSELOR'S COMMENTS**:

1. Date Returned to Correctional Counselor: _4/5/09 MWC_

2. Efforts made to informally resolve: _Inmate Bellows is not identified as being cross gender pat search exempt. There is no informal policy that a female inmate is to be pat searched by a female staff member._

3. Names of Staff contacted: _Captain Gilmore_

Date Informally Resolved: ___  Signature: _MWC_
Or
Date Issued: _4/6/09_  (Counselor)

**Distribution**: I. If complaint is informally resolved, forward original to Warden (Attention: EXECUTIVE ASSISTANT)

II. If complaint is NOT informally resolved, forward original attached to Administrative Remedy Form to Warden (Attention: EXECUTIVE ASSISTANT)

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Bellows, Sarah L.**        **04382-036**        **8H**        **FCI-Danbury**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A— INMATE REQUEST** ON 4/2/09 at 11:20AM I was leaving the kitchen and C/O Perez asked to patsearch me. I requested a female officer. C/O Perez called for Lt. Munoz who came over and took my I.D. He asked me if I had a cross-gender patsearch exemption card and am I muslim. I told him I am muslim and do not have a card. He then asked if I was denying the search. I told Lt. Munoz I have no problems with receiving a patsearch but would like a female staff because in my religion it is haram to be touched by a male except my husband or family. This violates my sincerely-held religious belief. Lt. Munoz told me to wait and came back with Lt. Gussik, who told me I will either be searched by C/O Perez or go to special housing. I asked again for a female staff and Lt. Gussik told me that was not an option. There were 8 female staff in the vicinity at the time of the incident. Mrs. McGettaghan and Ms. Veenette from food service, Lt. Hernandez, on mainline 15-20 ft away stood Ms. Tolworthy, Dr. Lindgrom, + Ms. Lockhart. Ms. Bachelac walked by during the incident and Ms. Grinmonses was also in the vicinity. Lt. Wassen had stated to me in December 08 that if there was a female in the area it is permissable for her to patsearch if she is available. On 4/4/09 Chap. Estrella informed me that as long as it does not interrupt the running of the institution a request can be granted for a female to patsearch. This institution accomodates inmates who request a female for patsearch if there is a staff member close by. At the time of this incident there were 8 female

4/11/09                                    *Sarah Bellows*
DATE                                    SIGNATURE OF REQUESTER

**Part B— RESPONSE**

see attached

_____                    _____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                CASE NUMBER: **534319-F2**

                                        CASE NUMBER: _____

**Part C— RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                    BP-229(13)
                                        APRIL 1982

available. Also, the operations Lieutenant is to be contacted to make the decision, at that time it was Lt. Hernandez not Lt. Gussik, although he is an LL as well that was not his position that day. Lt. Hernandez was not informed of the incident until after the fact.

What I am seeking as an administrative remedy is a reason why I was not accomodated + something stating this is an accomodation made at this facility without the non-emergency patsearch exemption card.

4/19/09

Sarah Bellows

ADMINISTRATIVE REMEDY
BELLOWS, Sarah
Register Number 04382-036

PART B - RESPONSE (534816-F2)

This is in response to your administrative remedy in which you state you were exiting Food Service and were directed by a male staff member to submit to a pat search. You state you requested to be searched by a female staff member due to your religious preference being Muslim. Further, you state the male staff member stated your request for a female staff member was not an option even though there were female staff in the immediate area. You are requesting an explanation as to why your request was not accommodated.

While staff at FCI Danbury are sensitive to your concerns and religious preference, Program Statement 5521.05, Searches of Housing Units, Inmates, and Inmate Work Areas, states that staff may conduct random pat searches on inmates on a routine basis for security reasons and for contraband control. It is imperative that these searches not be delayed. Any staff, male or female may conduct this search and it has been determined that you do not meet the criteria for Cross Gender Pat Search Exempt. Also, though you state female staff were in the vicinity, they were not readily available and this would have delayed the pat search.

Based upon the above information, your request for administrative remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director at Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

_____                    _4/28/09_____
Donna Zickefoose, Warden                          Date

U.S. Department of Justice          **Regional Administrative Remedy Appeal**
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Bellows, Sarah L.__  __04382-0310__  __8-H__  __FCI-Danbury__
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL On 4/2/09 at 11:20AM I was leaving the kitchen and C/O Perez asked to patsearch me. I requested a female officer. C/O Perez called LT. Munoz who came over and took my I.D. He asked me if I had a cross-gender patsearch exemption card and am I Muslim. I told him I am Muslim and do not have a card. He then asked if I was denying the search. I told LT. Munoz I have no problem with receiving a patsearch but would like a female staff because in my religion it is haram to be touched by a male except my husband or family. This violates my sincerely held religious belief. LT. Munoz told me to wait and came back with LT. Gussik, who told me I would either be searched by C/O Perez or go to special housing. I asked again for a female staff and LT. Gussik told me that was not an option. There were 8 female staff in the vicinity at the time of the incident. Mrs. MacEachran and Ms. Vergette from food service, LT. Hernandez, on mainline 13:20 ft. Munoz, Ms. Tolmetiny, Dr. Lindgren, and Ms. Lockhart, Ms. Batchelor walked by during the incident and Ms. Grammenos was also in the vicinity. LT. Wilson had stated to me in December 2008 that if there was a female in the area it is permissible for her to patsearch if she is available. On 4/6/09 Chaplain Estrella informed me that as long as it does not interrupt the running of the institution a request can be granted for a female patsearch. This institution accommodates

__5/5/09__                                       _[signature]_
DATE                                         SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____         _____
          DATE                                                                                                     REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                        CASE NUMBER: __534816-R2__

\_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_

**Part C - RECEIPT**

                                                                 CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____
                DATE                                       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                                                                                                           BP-230(13)
                                                                                                                                          JUNE 2002

cont.

inmates who request a female for patsearch if there is a staff available close by. At the time of this incident there were 8 females available. Also, the operations Lieutenant is to be contacted to make the decision, at that time it was LT. Hernandez not LT. Gussik, although he is an LT as well, that was not his position that day. LT. Hernandez was not informed of the incident until after the fact.

In my 9 I was requesting a reason as to why I was not accomadated and a response stating this is an accomadation made at this facility without the non-emergency patsearch exemption card. But my response stated I am not eligible for the card & Although there were female staff in the vancinity they were not readily available or this would have delayed the patsearch.

If the Female LT, who was LT. Hernandez would have been radioed the patsearch would not have been delayed. Also LT. Munoz getting LT. Gussik, who was standing mainline with 3 of the female staff members, delayed my patsearch. What constitutes as readily available? I feel as though I was discriminated against by LT. Gussik And would like this matter to be looked into.

Thank you.
Sarah Bellows
04382-030

5/5/09

BELLOWS, Sarah
Reg. No. 04382-036
Appeal No. 534816-R2
Page One

---

### Part B - Response

In your appeal, you state you were pat searched by a member of the opposite sex at FCI Danbury in violation of your religious beliefs. You contend there were female staff readily available in the area to conduct the search. You believe you were discriminated against and request to have the matter looked into.

Pursuant to Program Statement 5521.05 <u>Searches of Housing Units, Inmates, and Inmate Work Areas,</u> pat searches of inmates is necessary in order to maintain safety and security and cannot be compromised. Cross gender pat searching becomes necessary for the security of the institution as female staff cannot be in all areas at all times. As indicated by the Warden, female staff were not readily available during this instance and there was no valid reason to delay the search. We find staff acted appropriately regarding this matter. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: June 30, 2009

D. SCOTT DODRILL
Regional Director

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: OCTOBER 7, 2009


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : SARAH L BELLOWS, 04382-036
      DANBURY FCI    UNT: E    QTR: Z01-003LAD


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

```
REMEDY ID       : 534816-A1
DATE RECEIVED   : AUGUST 5, 2009
RESPONSE DUE    : OCTOBER 4, 2009
SUBJECT 1       : PAT SEARCHES
SUBJECT 2       :
INCIDENT RPT NO :
```

*My Admin. remedy never came back as of 10/19/09 so I was told to go to my 12 because if I don't receive it that means it was denied.*

RECEIPT - ADMINISTRATIVE REMEDY

DATE: OCTOBER 7, 2009


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO   : SARAH L BELLOWS, 04382-036
       DANBURY FCI    UNT: E    QTR: Z01-003LAD


THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 534816-A1
DATE RECEIVED   : AUGUST 5, 2009
RESPONSE DUE    : SEPTEMBER 14, 2009
SUBJECT 1       : PAT SEARCHES
SUBJECT 2       :
INCIDENT RPT NO: